**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-7361

WILLIE J. WHITE,

Petitioner - Appellant,

versus

COLIE L. RUSHTON, Warden of McCormick
Correctional Institution; HENRY DARGAN
MCMASTER, Attorney General of the State of
South Carolina,

Respondents - Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Florence. Cameron McGowan Currie, District
Judge. (4:05-cv-02757-CMC)

Submitted: October 31, 2006          Decided: November 8, 2006

Before WILLIAMS, MICHAEL, and GREGORY, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Willie J. White, Appellant Pro Se. Donald John Zelenka, Derrick K.
McFarland, OFFICE OF THE ATTORNEY GENERAL OF SOUTH CAROLINA,
Columbia, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Willie J. White seeks to appeal the district court's order dismissing his 28 U.S.C. § 2254 (2000) petition as untimely. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6).  This appeal period is "mandatory and jurisdictional."  Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's orders denying his § 2254 petition and his motion for reconsideration were entered on the docket on May 23, 2006 and June 20, 2006, respectively.  The notice of appeal was filed on July 21, 2006.*  Because White failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately

*For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

presented in the materials before the court and argument would not aid the decisional process.

DISMISSED
